IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD MARCH, *et al*., individually and on behalf of all others similarly situated,

          Plaintiffs,

v.

BANK OF AMERICA, N.A.,

          Defendant.

Case No. 2:23-cv-02360-HLT-TJJ

**ORDER CERTIFYING CLASS, APPROVING CLASS ACTION SETTLEMENT, AND AWARDING ATTORNEYS' FEES AND SERVICE AWARDS**

Before the Court are Plaintiffs' Unopposed Motion for Final Approval of the Parties' Proposed Class Action Settlement Pursuant to Rule 23(e) (Doc. 62), and Class Counsel's Unopposed Motion for an Award of Attorneys' Fees and Expenses and for Service Awards to Plaintiffs (Doc. 59). Plaintiffs Richard March, Belinda Hollins, Diane Coluzzi, Michael Marchelos, Gary Lieb, Jean Lu, Giovanna Bolanos, and Claude Grant, ("Plaintiffs"), individually and on behalf of the proposed Settlement Class, and Defendant Bank of America, N.A. ("Defendant") have entered into a Settlement Agreement concerning the above-captioned litigation (the "Settlement"), which, together with its exhibits, is incorporated herein by reference. In their motion, Plaintiffs ask the Court to (1) approve the Settlement as fair, reasonable, and adequate; (2) certify the Settlement Class for purposes of entering judgment on the Settlement under Federal Rule of Civil Procedure 23(e); and (3) approve their requests for attorneys' fees and expenses and service awards.

The Court conducted a Final Approval Hearing on December 4, 2025.[1] The parties appeared by counsel. The Court has considered the motions, the supporting memoranda of law, the Settlement along with all exhibits and attachments thereto, the record, and the statements by counsel at the Final Approval Hearing. The Court grants the Unopposed Motion for Final Approval (Doc. 62), grants the Unopposed Motion for Attorney Fees (Doc. 59), and denies as moot the Motion to Certify Class (Doc. 33).

**APPROVAL OF SETTLEMENT AS FAIR, REASONABLE AND ADEQUATE**

1. On August 12, 2025, Class Counsel filed a Second Amended Complaint (Doc. 54) that consolidated the claims from *Coluzzi et al v. Bank of America, N. A.*, 1:24-cv-6042-LGS (S.D.N.Y.), and *Bolanos et al. v. Bank of America, N.A.*, No. 3:23-cv-04027-JCS (N.D. Cal.) into the above-captioned matter. On the same day, Class Counsel filed an Unopposed Motion for Preliminary Approval of Class Action Settlement Pursuant to Rule 23(e). Doc. 55. Judge Melgren granted the motion on August 21, 2025, concluding that it would likely approve the Settlement as fair, reasonable, and adequate and certify the Settlement Class for purposes of judgment on the proposal, and thus directed that notice be issued to the Class. Doc. 57 (the "Preliminary Approval Order"). In addition, for the purpose of issuing notice of the Settlement, the Court appointed George A. Hanson, Alexander T. Ricke, and Caleb J. Wagner, of Stueve Siegel Hanson LLP as interim Class Counsel. *Id*. at ¶ 6. The Court authorized a Settlement Administrator to execute the Notice plan set forth in the Settlement Agreement. *Id*. at ¶ 7. The parties selected Analytics Consulting LLC to administer the settlement consistent with the earlier Order. *Id*. at ¶ 7.

---

[1] Class Counsel noted during the hearing that the Settlement Notice listed the wrong location for the Final Approval Hearing. The Settlement Notice stated that the Final Approval Hearing would be on December 4, 2025, at 9:00 a.m. in Courtroom 408 in the Wichita, Kansas Federal Courthouse. Doc. 63-2 at 11. But the Preliminary Approval Order stated the hearing would be in the Kansas City, Kansas Federal Courthouse. Doc. 57 at 5. Class Counsel therefore sent an attorney to Wichita to stand outside the noticed courtroom so anyone appearing could be heard by the Court. The Court confirmed at the beginning and at the end of the hearing that no one had appeared. The Court is satisfied with this remedy.

2.      The Settlement provides for a non-reversionary common fund in the amount of seventeen million five hundred thousand U.S. Dollars and zero cents ($17,500,000.00) to be distributed to approximately seven thousand seven hundred and two (7,702) eligible Settlement Class Members.

3.      The Settlement Agreement provides a straightforward method for Settlement Class Members to receive settlement payments—*i.e.*, those individuals who do not request exclusion will be mailed checks upon final approval consistent with the Settlement Agreement—and sets forth a process for notifying the Settlement Class, obtaining final approval of the Settlement, and administering the Settlement.

4.      Pursuant to the Preliminary Approval Order, and in accordance with the terms of the Settlement Agreement, the Settlement Administrator issued notice of the Settlement Agreement and its benefits, including notice of the Final Approval Hearing, to the Settlement Class Members. The Court finds that the notice provided to the Class Members was the best notice practicable under the circumstances, and that it complies with the requirements of Rule 23(c)(2). Based on Declaration of the Settlement Administrator, the Court finds that direct, individualized notice was provided to more than ninety-nine percent (99%) of Class Members. No Class Members objected to the Settlement. Twenty-one (21) Class Members requested exclusion from the Settlement.

## **The Settlement is Fair, Reasonable and Adequate**

5.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court first considers the fairness, reasonableness, and adequacy of the Settlement. First, there have been no objections to the Settlement, and only twenty-one (21) requests for exclusion (amounting to approximately

0.27% of the Settlement Class). The favorable response of the Settlement Class Members to the Settlement is an indication of its fairness.

6. The Court also finds that the Class Representatives and Class Counsel, who were previously appointed as interim class counsel, have adequately represented the class. Class Counsel are highly experienced in wage and hour class actions, and the Class Representatives' interests align with those of the Settlement Class Members, as they all allege to have suffered the same injury: unpaid wages arising from Defendant's wage practices in conducting its PPP loan program. Accordingly, the Court confirms the appointment of George A. Hanson, Alexander T. Ricke, and Caleb J. Wagner, of Stueve Siegel Hanson LLP as Class Counsel pursuant to Fed. R. Civ. P. 23(g)(1). The Court also confirms the appointment of Richard March, Belinda Hollins, Diane Coluzzi, Michael Marchelos, Gary Lieb, Jean Lu, Giovanna Bolanos, and Claude Grant as Class Representatives.

7. Next, the Court finds that the Settlement is the result of adversarial, arm's-length, informed, and non-collusive negotiations between Defendant and Plaintiffs and their respective counsel. The Parties pursued adversarial litigation for several years before reaching the Settlement, and the use of three separate mediation sessions, all with respected wage and hour law mediators, in the Parties' negotiations further supports the finding that the Settlement was negotiated at arm's-length.

8. Further, the relief provided to the Settlement Class Members under the Settlement is adequate, considering the meaningful risks of continued litigation. The average settlement amount allocated to each Class Member will be more than one thousand four hundred U.S. Dollars and no cents ($1,400.00). That there have been no objections to and only twenty-one (21) opt-outs from the Settlement confirms the adequacy of the relief it provides the Settlement Class Members.

9. In addition, the proposed method for distributing relief to the Settlement Class Members is adequate and effective. Pursuant to the notice plan set forth in the Settlement, the Settlement Class was notified of the Settlement directly via U.S. Mail, and there is no claims process. Instead, class members who did not request to be excluded will automatically receive a check in the mail for their share of the settlement fund. Accordingly, all Settlement Class members were given a full and fair opportunity to participate in these proceedings, and all Settlement Class members wishing to be heard have been heard. Settlement Class members also have had a full and fair opportunity to exclude themselves from the proposed. Settlement and the Settlement Class.

10. The Court also finds the Settlement's provisions for awards of attorneys' fees and costs and service payments to the Class Representatives are reasonable. In accordance with the terms of the Settlement, Class Counsel timely filed a motion seeking one-third of the Settlement Fund, amounting to five million eight hundred thirty-three thousand three hundred thirty-three U.S. Dollars and thirty-three cents ($5,833,333.33) in attorneys' fees, two hundred twenty-two thousand fifty-seven U.S. Dollars and fifty-four cents ($222,057.54) in expenses, and service awards of ten thousand U.S. Dollars ($10,000.00) each to Named Plaintiffs Richard March, Belinda Hollins, Diane Coluzzi, Michael Marchelos, Gary Lieb, and Jean Lu, and seven thousand U.S. Dollars ($7,000.00) each to Plaintiffs Claude Grant and Giovanno Bolanos. The Court considers that motion separately below.

11. Further, the Settlement treats all Settlement Class Members equitably relative to each other.

12. Thus, the Court approves the Settlement as fair, reasonable, and adequate.

13. Next, the Court certifies the Settlement Class, for purposes of judgment on the Settlement under Rule 23(e) only, as:

a. the Settlement Class contains more than seven thousand seven hundred (7,700) individuals and joinder of all such persons would be impracticable and therefore the Settlement Class is sufficiently numerous;

b. there are questions of law and fact that are common to the Settlement Class, including whether Defendant properly calculated the PPP incentives it promised its nonexempt employees when they worked overtime, and whether Defendant misclassified its exempt employees when they were assigned to work on the PPP loan program, and for settlement purposes those common questions of law and fact predominate over any questions affecting any individual in the Settlement Class;

c. the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of the Settlement, as they seek to remedy the same injury;

d. a class action settlement is superior to other available means of adjudicating the dispute, as it is the most efficient and effective means of resolving the claims of the numerous and geographically dispersed Settlement Class Members; and

e. Plaintiffs and Class Counsel are adequate representatives of the Settlement Class, as Class Counsel are experienced and qualified, and Plaintiffs have no conflicts of interest with the Settlement Class.

14. The Court thus certifies the following class for settlement purposes only:

All individuals currently or formerly employed by Bank of America during the Covered Period who: (1) were classified as non-exempt and earned PPP incentive payments pursuant to "Program 4", who have been identified as the 6,241 individuals identified on the "Program 4 NonEx Only" tab of the spreadsheet produced as Bates BOA PPP 00005652 (later reproduced as BOA-0002756); or (2) were classified as exempt and were redeployed to perform work that is allegedly non-exempt on the PPP, who have been identified as the 1,460 identified on the spreadsheet produced as Bates BOA-0002710 (later reproduced as BOA-0002757); or (3) any Named Plaintiff and Opt-In Plaintiff, including those not captured by (1) and (2) above.

Consistent with the Settlement Stipulation, the Covered Period is defined as: (a) for non-exempt

employees, April 1, 2020, through May 31, 2021; and (b) for exempt employees, April 1, 2020, through August 31, 2020. The twenty-one (21) individuals who opted out are excluded from the Settlement Class, will not receive settlement payments, and do not release claims as part of the Settlement. The names of those individuals are: Kim Bebee, Stefanie Brown, Eileen Cranston, Karen Elizabeth Meghoo, Beth Farmer, Deborah Feffer, Dana Ferrandino, Pattie Fones, Ronald Furman, Melanie Gorman, Erica Lewis Dozier, Sharon Lucidi, Anne Marie Scolnick, Denise Martin, Valerie McCall, Deana Pahl, Marian Perez Boudousquie, Sarah Roberts Welch, Patricia Roney, Robert Valentine, and Martina White.

15. All members of the Settlement Class are bound by the terms of this Order and the Settlement, including the Releases as outlined in the Settlement, upon entry of the Final Judgment in this action.

## Releases

16. Each Settlement Class Member, including Plaintiffs, are hereby deemed to have completely and unconditionally released, forever discharged, and acquitted Defendant from all Released Claims as defined by and laid out more fully within the Settlement Agreement. The Settlement Class Members and Plaintiffs are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any Released Claim, as provided in the Settlement Agreement.

## Approval of Attorneys' Fees and Service Award

17. On October 20, 2025, Class Counsel submitted their Unopposed Motion for an Award of Attorneys' Fees and Expenses and for Service Awards to Plaintiffs. Doc. 59. No Settlement Class Member has objected to Class Counsel's Motion.

18.  Upon consideration of Class Counsel's Unopposed Motion for Attorneys' Fees and Service Award, this Court approves Class Counsel's request for one-third of the Settlement Fund in the amount of $5,833,333.33 in attorneys' fees, and $222,057.54 in expenses.

19.  Further, the Court has considered the *Johnson* factors employed by the Tenth Circuit, *see Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454-55 (10th Cir. 1988) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)), and finds that:

(a)  The recovery earned for Class Members is substantial, especially in light of the risks and delay at issue.

(b) The requested fee, amounting to one-third of the Settlement Fund, is customary and similar to fees awarded in other complex wage and hour class actions, including in the District of Kansas and throughout the Tenth Circuit.

(c) The level of novelty and difficulty in this case was high, considering the complexity of the claims at issue, the potential limitations period issues, and the unique wage and hour defenses asserted by Defendant arising out of the circumstances of the COVID-19 pandemic (and for the other reasons set out in Plaintiffs' submissions).

(d) Class Counsel undertook the representation on a purely contingent basis. Thus, Class Counsel has borne all the risk that accompanies contingent-fee representation, including the prospect that the investment of substantial attorney time and resources would be lost. Class Counsel should be compensated for this risk.

(e) Class Counsel expended several thousand hours to create the settlement fund that provides these benefits to Class Members. This case (now consolidated for settlement purposes) required Class Counsel to simultaneously litigate Plaintiffs' claims in federal district courts in Kansas, California, and New York. Class Counsel litigated these cases through Phase I discovery, took five corporate representative depositions, and worked with experts to develop damage models for use in the litigation and mediation.

(f) Class Counsel faced significant time limitations, as they had to act quickly to investigate, prepare, and file the cases to preserve the workers' claims.

(g)  Class Counsel are highly qualified and experienced in wage and hour litigation and have substantial credentials in federal courts and class action litigation.

20.  For their service on behalf of the Settlement Class Members in this action, the Court also approves the request for service awards of ten thousand U.S. Dollars ($10,000.00) each to

Plaintiffs Richard March, Belinda Hollins, Diane Coluzzi, Michael Marchelos, Gary Lieb, and Jean Lu, and seven thousand U.S. Dollars ($7,000.00) each to Plaintiffs Claude Grant and Giovanno Bolanos.

**OTHER PROVISIONS**

21. All capitalized terms used but not defined herein shall have the same definition as set forth in the parties' Settlement Stipulation filed with this Court (Doc. 55-1).

22. Nothing contained in this Order, the Settlement Agreement, or documents thereto is, or may be construed as any admission or concession by or against Defendant on any point of fact or law.

23. Neither the terms of the Settlement nor any publicly disseminated information regarding the Settlement, including but not limited to, the Settlement Notice, court filings, orders, and public statements, may be (i) used as evidence in any other action or proceeding or (ii) construed as an admission or concession by the Settling Parties of the truth of any of the allegations, claims, defenses, or averments in this litigation, or of any liability, fault or wrongdoing of any kind.

24. This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The Clerk is directed to enter judgment consistent with this Order. This case is closed.

IT IS SO ORDERED.

Dated: December 4, 2025         /s/ *Holly L. Teeter*
                                HOLLY L. TEETER
                                UNITED STATES DISTRICT JUDGE